Deaderick, J.,
delivered tlie opinion of tlie court:
Tlie bill in this case was filed in die chancery court at Purdy, to enjoin two judgments recovered in the circuit court of that county, one. in favor of Smith, in his own light, and one as administrator,'etc.
The suits were begun by original attachments, and many irregularities in the proceedings axe charged in the bill as to the issuance of the attachments. It is alleged that no sufficient bond was given, or affidavit, made, that no publication ~was made, or personal service of process had.
Hut it appears that complainant appeared by counsel in both cases, and upon judgments rendered against him, appealed to this court, and that his appeals were dismissed.
While in original attachments the proceedings may be so.defective as to be ineffectual to hold the property attached, if the party appear and malee defense to the suit brought upon its merits, he will be bound by his appearance, so far as the. jurisdiction of the court over his person is concerned.
But it is insisted, although defendant appeared by his attorney, that the verdict of the jury, and judgment thereon, were void because no issue was submitted to them.
Declarations were filed in each case, and separate verdicts and judgments rendered, but there does not appear to have been any plea filed by defendant in either case.
The suits were brought upon accounts, and the entries of the verdicts in the two cases are similar in form, beginning, “This- day came the parties by their attorneys,” and then follows the coming and naming of the jurors "elected, tried, and sworn to try the issues joined between the parties, upon their oath, do say' they find in favor of the plaintiff,” etc. Then follows the judgment.
*688 Where no issues hare, in fact, been, made up, the verdict of a jury sworn to try the issues, etc., is erroneous, and judgment thereon will he reversed upon appeal or writ of error [Hopson v. Fountain], 4 Hum., 243; [Mayfield v. Beech], 2 Sneed, 446. But it is hut an error, and will not he held to be void upon a collateral attack for want of formal pleas. [Doyle v. Smith], 1 Cold., 22-3.
The chancellor dismissed the bill, and we affirm his des-cree.